UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOSEPH PAGALING,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>NAPA STATE HOSPITAL,<br>　　　　Defendant. | Case No. 22-cv-04483 BLF (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK; DENYING MOTION FOR COPIES OF RECORDS**<br><br>(Docket No. 3) |

Plaintiff, a state prisoner, filed a civil rights complaint the Napa State Hospital ("NSH"), where he is currently confined. Dkt. No. 1 at 3. Plaintiff filed a subsequent document which appears to contain additional allegations and will therefore be construed as a supplemental to the complaint. Dkt. No. 5. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order. Plaintiff has also filed a motion regarding discovery, Dkt. No. 3, which is denied for the reason set forth below. *See infra* at 8, para. 8.

///

///

///

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claims

Plaintiff claims that he has been at NSH since May 2015. Dkt. No. 1 at 4. Plaintiff claims that ever since his arrival, he has been unable to go to the groups (e.g., crafts, computer lab, painting, sewing needle craft, craft sales, and various coping skills groups) located upstairs in the "S-8/S-complex" because he is a paraplegic and there is no wheelchair access. *Id.* Plaintiff also claims that he does not have access to special privileges in units T-9 and T-10 because of the lack of wheelchair or handicap accessibility to the room. *Id.* Plaintiff claims this situation is "disability discrimination in the biggest form." Plaintiff seeks damages.[1] *Id.* at 7.

---

[1] Plaintiff filed an earlier action which contained similar allegations against NSH. *Pagaling v. Napa State Hospital, et al.*, Case No. 22-cv-02202 BLF, Dkt. No. 1. The original complaint was dismissed with leave to amend to correct deficiencies in the allegations against individual Defendants. *Id.*, Dkt. No. 16. The amended complaint Plaintiff subsequently filed does not include the ADA claim against NSH, and only allegations regarding medical treatment. *Id.*, Dkt. No. 17. Accordingly, the ADA claim shall proceed in this action.

1  Plaintiff's allegations regarding denial of access to services and "disability
2  discrimination" implicate Title II of the Americans with Disabilities Act ("ADA"), 42
3  U.S.C. § 12101 *et seq*., which provides that "no qualified individual with a disability shall,
4  by reason of such disability, be excluded from participation in or be denied the benefits of
5  the services, programs, or activities of a public entity, or be subjected to discrimination by
6  any such entity." 42 U.S.C. § 12132. Title II protects "a qualified individual with a
7  disability." 42 U.S.C. § 12132. In the context of the ADA, the term "disability" means:
8  "(A) a physical or mental impairment that substantially limits one or more of the major life
9  activities of the person; (B) having a record of such an impairment; or (C) being regarded
10 as having such an impairment." *Id.* § 12102(1). For purposes of § 12102(a), "major life
11 activities include, but are not limited to, caring for oneself, performing manual tasks,
12 seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing,
13 learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. §
14 12102(2)(A). "Public entity" includes any state or local government or any department,
15 agency, special purpose district or other instrumentality of a state or states or local
16 government. *See* 42 U.S.C. § 12131(1)(A) & (B). Liberally construed, Plaintiff's
17 allegations that he was denied access to various services and programs by NSH as a
18 paraplegic are sufficient to state a claim under the ADA.

## CONCLUSION

21  For the foregoing reasons, the Court orders as follows:
22  1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for
23 Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy
24 of the complaint and supplemental, Dkt. Nos. 1 and 5, all attachments thereto, and a copy
25 of this order upon **Defendant Napa State Hospital** at **2100 Napa-Vallejo Highway,**
26 **Napa, CA 94558-6293.** The Clerk shall also mail a copy of this Order to Plaintiff.
27  The Clerk shall update Docket No. 5 to reflect that it is a "Supplemental

3

Complaint" rather than "Complaint."

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendants file a motion for summary judgment, the**

4

**Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under** *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery. Accordingly, Plaintiff's motion requesting copies of records is DENIED as unnecessary. Dkt. No. 30

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a

timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket No. 3.

**IT IS SO ORDERED.**

Dated:  __December 6, 2022_____

*[signature]*
BETH LABSON FREEMAN
United States District Judge

Order of Service; Denying Mot.
PRO-SE\BLF\CR.22\04483Pagaling_svc

6